[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12238
Non-Argument Calendar
_____

D.C. Docket No. 0:14-cr-60316-JIC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 7, 2015)

Before WILLIAM PRYOR, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Willie Jackson appeals his sentence of 90-months imprisonment for one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951 and one count of using a firearm during a crime of violence or drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A). After Jackson pleaded guilty to both counts, the district court imposed a sentence of 90-months imprisonment, which was at the low end of the range provided by the United States Sentencing Guidelines. On appeal, Jackson argues that this sentence was substantively unreasonable in light of the 18 U.S.C. § 3553(a) sentencing factors. He contends that the district court did not properly consider his history of mental illness and the nature of the sting operation that secured his conviction in refusing to grant him a downward variance from the guideline sentence.

We review for abuse of discretion the substantive reasonableness of a sentence, considering the totality of the circumstances. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). The party challenging the sentence bears the burden of showing its unreasonableness in light of the record and the § 3553(a) sentencing factors. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). We ordinarily expect that a sentence imposed by the district court within the guideline range is reasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam), abrogated on other grounds by Rita v. United States, 551 U.S. 338, 127 S. Ct. 2456 (2007).

A district court must consider a variety of factors under § 3553(a) when imposing a sentence, including: the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, the need to deter criminal conduct and protect the public from future crimes of the defendant, the U.S. Sentencing Commission's policy statements, and the advisory guideline range. 18 U.S.C. § 3553(a). The weight given to each § 3553(a) factor is committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors. United States v. Dougherty, 754 F.3d 1353, 1361 (11th Cir. 2014). We will not vacate a sentence unless we "are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted).

We find the sentence imposed by the district court to be reasonable. Jackson argues that the district court did not adequately consider his mental illnesses and their impact on his criminal conduct when imposing his sentence. However, the district court clearly considered Jackson's mental illnesses as required under § 3553(a). The court listened to Jackson's mental health arguments at the sentencing hearing and noted Jackson's "documented history of serious mental

3

disease." The court explicitly stated that it was sympathetic to people with mental health problems, but reasoned that it "ha[d] to be concerned primarily for the safety of the community." The court also stated that it had considered Jackson's presentence report and each of the § 3553(a) factors. Beyond that, the court imposed a sentence at the bottom end of the guideline range and "strongly recommend[ed] mental health treatment" for Jackson, in recognition of his mental illnesses. The district court did not abuse its considerable discretion in deciding how to weigh each § 3553(a) factor and imposing a sentence of 90-months imprisonment. See Dougherty, 754 F.3d at 1361.

After careful review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**